**FORM 1 VOLUNTARY PETITION**

| United States Bankruptcy Court District of | VOLUNTARY PETITION |
|---|---|
| IN RE: **Kasper, Alvin M** | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) **Kisel, Barbara A** |
| ALL OTHER NAMES used by debtor in the last 8 years (include married, maiden and trade name) | ALL OTHER NAMES used by debtor in the last 6 years (include married, maiden and trade name) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all) **XXX-XX-5481** | SOC. SEC./TAX I.D. NO. (If more than one, state all) **XXX-XX-6304** |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) **3642 W 57th Street Chicago, IL 60629** | STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) **9036 S Corcoran Hometown, IL 60456** |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS **Cook** | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS **Cook** |
| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF DEBTOR (If different from street address) |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR
(If different from addresses listed above)

**INFORMATION REGARDING DEBTOR (Check applicable)**

| | |
|---|---|
| TYPE OF DEBTOR<br>_X_ **Individual (See Exhibit D)**<br>___ **Corporation (includes LLC and LLP)**<br>___ **Partnership**<br>___ **Other** | CHAPTER OR SECTION OF BANKRYPTCY CODE UNDER WHICH THE PETITION IS FILED (check one)<br>__Chapter 7    __Chapter 11    X__Chapter 13<br>__Chapter 9    __Chapter 12    __ **Chapter 15 Petition**<br>                                        **Petition for Recognition**<br>                                        of a Foreign Main or Nonmain Proceeding |
| NATURE OF DEBT<br>_X_ Non-Business Consumer  __ Business - Complete A&B below<br>defined in 11 U.S.C. sec. 101(8) incurred by an individual | FILING FEE (check one)<br>_X_ Filing fee attached.<br>__ Filing fee to be paid in installments. (Applicable to individuals only)<br>   must attach signed application for the court/s consideration certifying<br>   that the debtor is unable to pay fee except in instalments. Rule 1006(b) |
| A. TYPE OF BUSINESS (check one)<br>__ Farming          __ Transporation    __ Commodity Broker<br>__ Professional    __ Manufacturing/  __ Construction<br>__ Retail/Wholesale     Mining          __ Real Estate<br>__ Railroad        __ Stockbroker    __ Other Business | see Official Form No. 3<br>NAME and ADDRESS of LAW FIRM or ATTORNEY<br>   **Staver & Gainsberg, P.C.**<br>   **120 W. Madison St., Ste. 520**<br>   **Chicago, IL 60602** |
| B. BRIEFLY DESCRIBE NATURE OF BUSINESS | Telephone No.                        312-422-1130<br>NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR<br>**Neal S. Gainsberg**<br>__ Debtor is not represented by an attorney |

| STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C. 604)<br>(Estimates only) (Check applicable) | THIS SPACE FOR COURT USE ONLY |
|---|---|
| _X_ Debtor estimates that funds will be available for distribution to unsecured creditors<br>__ Debtor estimates that after any exempt property is excluded and administrative<br>   expenses paid, there will be no funds available for distribution to unsecured creditors. | |

ESTIMATED NUMBER OF CREDITORS
_X_ 1-49    __ 50-99    __ 100-199    __ 200-999    __ 1000-5000    __ 5000-over

ESTIMATED ASSETS (in thousands of dollars)
_0 to 10,000    __ 10,000 to 100,000    _X_ 100,000 to 1 miliion    __ 1 million to 100 million

ESTIMATED LIABILITIES (in thousands of dollars)
_0 to 10,000    __ 10,000 to 100,000    _X_ 100,000 to 1 miliion    __ 1 million to 100 million

ESTIMATED NUMBER OF EMPLOYEES - CH 11 & 12 ONLY
__ 0    __ 1-19    __ 20-99    __ 100-999    __ 1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
__ 0    __ 1-19    __ 20-99    __ 100-499    __ 500-over

Kasper, Alvin & Kisel, Barbara

Case no.

(court use only)

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate.

__ A copy of debtor's proposed plan dated _____   _X_ Debtor intends to file a plan within the time allowed by statute,

is attached.   rule or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 8 YEARS (if more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER OR AFFILIATE OF THIS DEBTOR (if more than one, attach additional sheet.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| | | |
| Relationship | District | Judge |
| | | |

### Exhibit A

(To be completed if the debtor is requirede to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11).

_____   Exhibit A is attached and made a part of this petition.

### Exhibit B

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that he or she may proceed under Chapter 7,11,12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.

X _____ /s/  Neal Gainsberg   Date:_____

### Exhibit C

Does the debtor own or have possession of any proprty that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

_____ Yes, and Exhibit C is attached and made a part of this petition.

__X__ No.

### Certification Concerning Debt Counseling
### See Exhibit D, attached hereto

__X__   I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.

_____   I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances.

### Information Regarding the Debtor (Check the Applicable Boxes)
### Venue (Check any applicable box)

__X___   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

_____   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

_____   Debtor is a debtor in a foreign proceeding and has its principal place of busines or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding (in a federal or state court) in this District, or the interest of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of Residential Property
#### Check all applicable boxes

_____   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following:)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

_____   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

_____   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

**REQUEST FOR RELIEF**

Debtor requests relief in accordance with the chapter ___13___of title II, United States Code, specified in this petition.

| SIGNATURES | |
|---|---|
| **ATTORNEY** | |
| X  /s/ Neal S. Gainsberg | Date |
| Signature | |

| **INDIVIDUAL/JOINT DEBTOR(S)** | **CORPORATE OR PARTNERSHIP DEBTOR** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct | I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized |
| X /s/ Alvin Kasper | X |
| Signature of Debtor<br>Date | Signature of Authorized Individual |
| | Print of Type Name of Authorized Individual |
| X /s/ Barbara Kisel | |
| Signature of Joint Debtor<br>Date | Title of Individual Authorized by Debtor to File this Petition<br>Date |

| Exhibit "A" (To be completed if debtor is a corporation requesting relief under chapter 11.) |
|---|
| ___ Exhibit "A" is attached and made part of this petition. |

| TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (SEE p.l. 98-353 & 322) |
|---|
| I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title |
| If I am represented by an attorney, exhibit "B" has been completed. |

| X /s/ | Date |
|---|---|
| Signature of Debtor | |
| X /s/ | Date |
| Signature of Joint Debtor | |

| EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.) |
|---|
| I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter |

| X /s/ | Date |
|---|---|
| Signature of Attorney | |

**UNITED STATES BANKRUPTCY COURT**                                **DISTRICT OF**

In re: Kasper, Alvin & Kisel, Barbara          Debtor(s)          Case No.                    (If Known)

Chapter_____13_____

See summary below for the lists of schedules. Include Unsworn Declaration under Penalty of Perjury at the end

GENERAL INSTRUCTIONS: Schedule D, E and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately

Review the specific instructions for each schedule before completing the schedule.

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each, Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided, Add the amounts of Scheduels A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of Sheets | Assets | Amounts Scheduled Liabilites | Other |
|---|---|---|---|---|---|
| A - Real Property | Y | 1 | 90,000.00 | | |
| B - Personal Property | Y | 2 | 131,179.00 | | |
| C - Property Claimed as Exempt | Y | 1 | | | |
| D - Creditors Holding Secured Claims | Y | 1 | | 51,573.00 | |
| E - Creditors Holding Unsecured Priority Claims | Y | 1 | | 795.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Y | 5 | | 88,603.00 | |
| G - Executory Contracts and Unexpired Leases | Y | 1 | | | |
| H - Codebtors | Y | 1 | | | |
| I - Current Income of Individual Debtor(s) | Y | 1 | | | 4,231.00 |
| J - Current Expenditures of Individual Debtor(s) | Y | 1 | | | 3,505.00 |
| Total Number of Sheets of All Schedules | | 15 | | | |
| Total Assets | | | 221,179.00 | | |
| Total Liabilities | | | | 140,971.00 | |

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:  __Kasper, Alvin & Kisel, Barbara_____  Case No._____

Chapter _____        13

**STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 u.s.c. § 159)**
[Individual Debtors Only]

Summarize the following types of liabililites, as reported in the Schedules, and total them.
**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

| Types of Liabilities | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0 |
| Taxes and Certain Other Debts Owed to Government Units (from Schedule E) | $795 |
| Claims for Death or Personal Injury While Debtor was Intoxicated (from Schedule E) | $0 |
| Student Loan Obligations (from Schedule F) | $11,659 |
| Domestic Support, separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0 |
| **Total** | $12,454 |

State the Following

| | |
|---|---|
| Average Income (from Schedule I, Line 16)  $ | $4,231 |
| Average Expenses (from Schedule J, Line 18)  $ | $3,505 |
| Current Monthly Income (form 22A line 12 or 22C line 20) $ | $6,268 |

State the Following

| | |
|---|---|
| 1.  Total from Schedule D, Unsecured Portion, if any column | |
| 2. Total from Schedule E, Amount Entitled to | 795 |
| Prioritym if any column | |
| 3. Total from Schedule E, Amount Not Entitled to Priority, if any Column | |
| 4.  Total from Schedule F | 88,603 |
| 5.  Total of non-priority unsecured debt | 88,603 |

In re:  Kasper, Alvin & Kisel, Barbara          Debtor(s)      Case No.                    (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residence- Joint-Debtor 9036 S Corcoran Rd Hometown, IL 60456** | **fee simple** | **W** | **90,000.00** | **51,573.00** |
| | | **TOTAL ->** | **90,000.00** | (Report also on Summary of Schedules) |

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on Hand | N | | | |
| 2. Checking/savings or other financial accounts certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations,or credit unions, brokerage houses, or cooperatives. | | **TCF-Checking** | **H** | **15.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | N | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment | | **Household Goods** | **J** | **1,000.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | N | | | |
| 6. Wearing apparel. | | **Clothes** | **J** | **400.00** |
| 7. Furs and jewelry. | N | | | |
| 8. Firearms and sports, photograpic, and other hobby equipment. | N | | | |
| 9. Interests in insurance policies, Name insurance company of each policy and itemize surrender or refund value of each. | N | | | |

## SCHEDULE B - PERSONAL PROPERTY

In re:     **Kasper, Alvin & Kisel, Barbara**                    Debtor(s)                    No.                    (if known)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. itemize and name each issuer. | N | | | |
| 11. Interests in IRA, ERISA, Keogh, education IRA, or other pension or profit sharing plans. Itemize | | **City of Chicago Retirement Fund**<br>**City of Chicago-Deferred Compensation** | H<br>H | 86,000.00<br>8,000.00 |
| 12. Stock and interests in incorporated and unicorporated businesses. Itemize. | N | | | |
| 13. Interest in partnerships or joint ventures. itemize. | N | | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | N | | | |
| 15. Accounts receivable. | N | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | N | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | **2012 Tax Refund** | J | 4,764.00 |
| 18. Equitable or future interests, life estates, and rights to powers exercisable for the benefit of the debtor other than those listed on Schedule of Real Property | N | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust | N | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Pending Workers' Compensation Case**<br>**12-9-08 accident** | H | 25,000.00 |
| 21. Patents, copyrights, and other intellectual property. Give perticulars. | N | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | N | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2005 Mercury Grand Marquis** | H | 6,000.00 |
| 24. Boats, motors, and accessories. | N | | | |
| 25. Aircraft and accessories. | N | | | |
| 26. Office equipment, furnishings, and supplies | N | | | |
| 27. Machinery, fixtures, equipment and supplies used in business | N | | | |
| 28. Inventory. | N | | | |
| 29. Animals | N | | | |
| 30. Crops - growing or harvested. Give particulars. | N | | | |
| 31. Farming equipment and implements | N | | | |
| 32. Farm supplies, chemicals, and feed. | N | | | |
| 33. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | N | | | |
| 34. Other personal property of any kind not already listed. Itemize. | N | | | |
| (included amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total-> | | | | 131,179.00 |

In re:  Kasper, Alvin & Kisel, Barbara                    Debtor(s)        Case No. 11-46399                    (if known)

### SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

**Debtor elects the exemptions to which debtor is entitled under (Check one)**

___ 11 U.S.C & 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT REPLACEMENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Residence- Joint Debtor: 9036 S Corcoran Rd Hometown, IL 60456 | 735 ILCS 5/12-901 | 15,000 | 90,000 |
| Household Goods | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |
| City of Chicago Retirement Fund | 735 ILCS 5/12-1006 | 86,000.00 | 86,000.00 |
| City of Chciago-Deferred Compensation | 735 ILCS 5/12-1006 | 8,000.00 | 8,000.00 |
| Clothes | 735 ILCS 5/12-1001(a) | 400.00 | 400.00 |
| 2005 Mercury Grand Marquis | 735 ILCS 5/12-1001© 735 ILCS 5/12-1001(b) | 2,400.00 2,510.00 | 6,000.00 |
| Workers' Compensation Case-Pending | 820 ILCS 305/21 | 25,000.00 | 25,000.00 |
| 2012 Tax Refund | 735 ILCS 5/12-1001(b) | 4,490.00 | 4,764.00 |

In re: **Kaper, Alvin & Kisel, Barbara**          Debtor(s)    Case No. _____          (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LEIN AND DESCRIPTION AND REPLACEMENT VALUE OF PROPERTY SUBJECT TO LEIN | CUD | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| ACCOUNT NO. 26408 | | | | | | |
| Chase PO Box 24696 Columbus, OH 43224-0696 | | | 1st Mortgage 9036 S Corcoran Hometown, IL 60456-1127 | | 51,573.00 16,500 arrearage | |
| | | | VALUE $ 90,000 | | | |
| ACCOUNT NO. OL037135-00 | | | | | | |
| Devon Financial Services, Inc. 8832 S Cicero Ave Oak Lawn, IL 60453 | | | Title loan -2012 05 Marcury Grand Marquis | | 1,090.00 | |
| | | | VALUE $ 6,000.00 | | | |
| ACCOUNT NO. | | | | | | |
| | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. 8599 | | | | | | |
| | | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | |
| | | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | |
| | | | | | | |
| | | | VALUE $ | | | |

___ continuation sheets attached

| | SUBTOTAL -> | 52,663.00 | |
|---|---|---|---|
| | (Total of this page) | | |
| | TOTAL -> | 52,663.00 | |

In re:  Kasper, Alvin & Kisel, Barbara
_____
Debtor(s)      Case No.                                    (if known)

## SCHEDULE E - CREDITORS HOLDINGS UNSECURED PRIORITY CLAIMS

__ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets).

___ **Extensions of credit in an involuntary case**
  Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of
  the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C 507(a)(2).

___ **Wages, salaries, and commissions**
  Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees,
  up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the
  original petition or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C.
  507(a)(3)

___ **Contributions to employee benefit plans**
  Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the
  original petition, or the cessation of business, whichever occurred first, to the extend provided in 11 U.S.C. 570(a)(4).

___ **Certain farmers and fishermen**
  Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as
  provided in 11 U.S.C. 507(a)(5).

___ **Deposits by individuals**
  Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services
  for personal, family, or household use, that were not delivered or provided. 11 U.S.C. 507(a)(6).

_X__ **Taxes and Certain Other Debts Owed to Governmental Units**
  Taxes, customs, duties, and penalties owing to federal, state, and local governmental units as set forth in
  11 U.S.C. 507(a)(7).

___ **Claims for perosnal injury while debtor was intoxicated.**

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| **Account No.  4564** | | | | | | |
| **IL Department of Revenue**<br>**PO Box 64338**<br>**Chicago, IL 60664-0338** | | H | **Income Taxes 2011** | | 795.00 | 795.00 |
| Account No. | | | | | | |
| | | | | | | |
| Account No. | | | | | | |
| | | | | | | |
| Account No. | | | | | | |
| | | | | | | |

| | | |
|---|---|---|
| ___ Continuation sheets attached | Subtotal ---> | 795.00 | 795.00 |
| | Total ---> | | 795.00 |

In re:  Kasper, Alvin & Kisel, Barbara,                          Debtor(s)    Case No.                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.  8629<br>TCF Bank<br>800 Burr Ridge Parkway<br>Burr Ridge, IL 60527 | | W | Bank Charge<br>2009-2010 | | 4,132.00 |
| ACCOUNT NO. 1200, 1185, 1192, 1211<br>City of Hometown<br>c/o Municipal Collection Serv., Inc.<br>PO Box 666<br>Lansing, IL 60438 | | W | traffic tickets<br>2008-10 | | 275.00 |
| ACCOUNT NO.  1798<br>Sportho Physical and Aquatic Therapy, LTD<br>6921 West Archer<br>Chicago, IL 60638 | | W | medical<br>2008 | | 41.00 |
| ACCOUNT NO. 0274<br>Select Physical Therapy Holdings, Inc.<br>PO Box 536948<br>Atlanta, GA 30353-6948 | | W | medical<br>2008 | | 43.00 |
| ACCOUNT NO.  4859<br>Midland Credit Management, Inc.<br>PO Box 60578<br>Los Angeles, CA 90060-0578 | | W | Rev. Charge Target<br>2007-08 | | 234.00 |
| ACCOUNT NO.  729740<br>RJM Acquisitions LLC<br>575 Underhill Blvd Suite 224<br>Syosset, NY 11791-4437 | | W | Rev. Charge<br>HSBC/Household Mastercard<br>2007-08 | | 754.00 |
| ACCOUNT NO.  3865<br>Accounts Receivable Management, Inc.<br>PO Box 129<br>Thorofare, NJ 08086-0129 | | W | Rev. Charge<br>2006-07<br>Nordstrom | | 401.00 |
| ACCOUNT NO. 5868<br>RJM Acquisitions LLC<br>575 Underhill Blvd Suite 224<br>Syosset, NY 11791-4437 | | W | Rev. Charge<br>Mystery Book Club Account<br>2006 | | 88.00 |
| ACCOUNT NO.  L1481147<br>Nationwide NCC<br>Loyola University Health Systems<br>815 Commerce Dr Suite 270<br>Oak Brook, IL 60523-8852 | | W | Medical<br>2008-2012 | | 19,711.00 |
| | | | | Subtotal -> | 25,679.00 |
| | | | | Total -> | |

_____ Continuation Sheets Attached

In Re: Kasper, Alvin & Kisel, Barbara                              Debtor(s)      Case No.

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. L1481147<br>ISC Inc<br>Loyola University Physician Foundation<br>PO Box 1010<br>Tinley Park, IL 60477-9110 | | W | Medical<br>2010-11 | | 282 |
| ACCOUNT NO.  9399<br>Midland Funding LLC<br>Credit One Bank, N.A.<br>8875 Aero Drive<br>Suite 200<br>San Diego, CA 92123 | | W | Rev. Charge<br>2010-11 | | 675.00 |
| ACCOUNT NO.<br>Alvin S Kasper<br>9328 S Moody Ave<br>Oak Lawn, IL 60453 | | W | loan 2002-07 | | 29,068.00 |
| ACCOUNT NO.<br>JP Morgan Chase Bank, N.A.<br>P O Box 659754<br>San Antonio, TX 78265-9754 | | W | bank account overdraft charge<br>2013 | | 145.00 |
| ACCOUNT NO. 0609027531-4<br>Firstsource Advantage LLC<br>IU Health Laporte Hospital<br>1232 W St Rd 2<br>LaPorte, IN 46350 | | H | medical<br>2011 | | 2,026.00 |
| ACCOUNT NO.  8264<br>Applied Bank/ Applied Card Systems<br>4700 Exchange Court<br>Boca Raton, FL 33431-0966 | | H | Rev. Charge<br>2007-08 | | 1,492.00 |
| ACCOUNT NO.  0444<br>LVNV Funding, LLC<br>PO Box 10497<br>Greenville, SC 29603 | | H | Rev. Charge<br>Contrust Bank | | 348.00 |
| ACCOUNT NO.  532328<br>Midstate Collection Solutions, Inc.<br>Midland Orthopedic<br>PO Box 3292<br>Champaign, IL 61826-3292 | | H | Medical<br>2011 | | 137.00 |
| ACCOUNT NO.  358201<br>UCB Collections<br>Maple City Emergency Physicians<br>4100 Horizons De Suite 101<br>Columbus, OH 43220 | | H | Medical<br>2011 | | 738.00 |

|  | Subtotal -> | 34,911.00 |
|---|---|---|
| _____ Continuation Sheets Attached | Total -> | |

In re:  **Kasper, Alvin & Kisel, Barbara,**                          Debtor(s)   Case No.                          **(if known)**

**SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS**

__ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 9053732445-1 **SallieMae** **PO Box 9500** **Wilkes-Barre, PA 18773-9500** | | H | **student Loan** **2006-2013** | | **11,659** |
| ACCOUNT NO.  35225861 **Arnold Scott Harris, PC** **Illinois State Toll Highway Authority** **222 Merchandise Mart Plaza, Suite 1932** **Chicago, IL 60654-1420** | | H | **tolls** **2010-111** | | **214.00** |
| ACCOUNT NO. 05124613320 **Dynamic Recovery Solutions** **PO Box 25759** **Greenville, SC 29616** | | H | **loan** **2012** | | **500.00** |
| ACCOUNT NO.  8196 **Dependon Collection Service** **PO Box 4833** **Oak Brook, IL 60522** | | H | **Medical- Emergency Room Physicians** **2009** | | **523.00** |
| ACCOUNT NO. 1253, 1255 **Nationwide Credit & Collection** **815 Commerce Dr Ste 100** **Oak Brook, IL 60523** | | H | **Medical** **2008** **Loyola Univ Physician Foundation** | | **174.00** |
| ACCOUNT NO.  9145, 3580, 0447, 5450, 8712, 7583, 18912811, 1394 **Nationwide Credit & Collection** **815 Commerce Dr Ste 100** **Oak Brook, IL 60523** | | H | **Medical** **2008-2012** **Loyola University Health System** | | **3,366.00** |
| ACCOUNT NO.  A1112100249 **Mercy Hospital** **2525 S Michigan** **Chicago, IL 60616-2477** | | H | **Medical** **2011** | | **583.00** |
| ACCOUNT NO.  1102100826 **ATG Credit LLC** **PO Box 14895** **Chicago, IL 60614-4895** | | H | **medical** **Mercy Hospital** | | **1,369.00** |
| ACCOUNT NO. 421286 **Vision Financial Services** Laporte Radiology, Inc **PO Box 1768** **LaPorte, IN 46352-1768** | | H | **medical** **2011** | | **35.00** |

Subtotal ->   **18,423.00**

Total ->

_____ **Continuation Sheets Attached**

In re:  **Kasper, Alvin & Kisel, Barbara,**                    **Debtor(s)**    **Case No.**                    **(if known)**

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

__ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 13313646 ICC Loyola Univ Physicians Foundation PO Box 1010 Tinley park, IL 60477-9110 | | H | Medical 2011 | | 60 |
| ACCOUNT NO.  8332538 ICC Christ Hospital PO Box 1010 Tinley park, IL 60477-9110 | | H | Medical 2005 | | 940.00 |
| ACCOUNT NO.  10285022 ICC Midwest Orthopedic Consultants PO Box 1010 Tinley park, IL 60477-9110 | | H | Medical 2005 | | 101.00 |
| ACCOUNT NO.  4889 Jack Ruby, DDS 6735 W 95th Street Oak Lawn, IL 60453 | | H | Medical 2010 | | 418.00 |
| ACCOUNT NO. L1324040 Nationwide Credit & Collection Loyola Univ. Medical Center 815 Commerce Dr Suite 100 Oak Brook, IL 60523 | | H | medical | | 1,727.00 |
| ACCOUNT NO. International Cash Advance, Inc. c/o Call Center Services Po Box 7294 Wilmington, DE 19803 | | H | loan 2012 | | 308.00 |
| ACCOUNT NO. Spot on Loans PO Box 6243 North Logan, UT 84341 | | H | loan 2011-12 | | 390.00 |
| ACCOUNT NO. Short Term Loans, Inc. 1400 E Touhy Ave Suite 108 Des Plaines, IL 60018 | | H | loan 2011-12 | | 480.00 |
| ACCOUNT NO. MNE Services Ameriloan 4729 Argonne St Newark, DE 19714 | | H | loan 2012-11 | | 270.00 |
| | | | | Subtotal -> | 4,694.00 |
| | | | | Total -> | |

_____ Continuation Sheets Attached

In re:  **Kasper, Alvin & Kisel, Barbara,**                   Debtor(s)      Case No.                      **(if known)**

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

__ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | | | |
| **Red Stone Financial, LLC**<br>**PO Box 368**<br>**Timberlake, SD 57656** | | H | loan<br>2012 | | 200 |
| **ACCOUNT NO.** | | | | | |
| **Access Financial (Check N Go)**<br>**7755 Montgomery Rd**<br>**Cincinnati, OH 45236** | | H | loan<br>2011-12 | | 1,278.00 |
| **ACCOUNT NO.** | | | | | |
| **Pay Day Loan Now**<br>**154 W Beaton Drive**<br>**West fargo, N.D. 58078** | | H | loan<br>2012 | | 437.00 |
| **ACCOUNT NO.** | | | | | |
| **Red Cedar Services, Inc./ 500Fast Cash**<br>**515 G Street SE**<br>**Miami, OK 74354-8224** | | H | loan<br>2011-12 | | 480.00 |
| **ACCOUNT NO.** | | | | | |
| **Kenwood Services LLC**<br>501 Silverside Rd #84<br>Wilmington, DE 19801 | | H | loan<br>2011-12 | | 900.00 |
| **ACCOUNT NO.** | | | | | |
| Hushhawk Group LTD<br>Edith Solomon Building<br>PO Box 556<br>Charleston, Nevis, West Indies | | H | loan<br>2012 | | 400.00 |
| **ACCOUNT NO.** | | | | | |
| **SFS, Inc./OneClick Cash**<br>**52946 Highway 12, Suite 3**<br>**Niobrara, NE 68760-7085** | | H | loan<br>2012 | | 450.00 |
| **ACCOUNT NO.** | | | | | |
| National Payday<br>Santo Domingo de Heredia, Calles 1 y 2, Avenida 13<br>tercera casa a mano izquierda<br>Heredia, Costa Rica 40301 | | H | loan<br>2011 | | 260.00 |
| **ACCOUNT NO. 6181-01177** | | | | | |
| **Blast Fitness**<br>ABC Financial Services<br>**PO Box 6800**<br>**Sherwood, AZ 72124-6800** | | W | **Fitness Charge**<br>2013 | | 101.00 |
| **ACCOUNT NO.** | | | | | |
| Makes Cents Inc. / Sovereign Advance<br>P.O. Box 10<br>Parshall, ND 58770 | | H | Loan<br>2012-13 | | 390 |

|  | | | | Subtotal -> | 4,896.00 |
|---|---|---|---|---|---|
| ____ Continuation Sheets Attached | | | | Total -> | 88,603.00 |

**In re:  Kasper, Alvin & Kisel, Barbara**                    **Debtor(s)**          **Case No.**              **(if known)**

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

__X_  Check here if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

In re:  **Alvin, Kasper & Kisel, Barbara**                    **Debtor(s)**          **Case No.**                    **(if known)**

## SCHEDULE H - CODEBTORS

__**X**_ Check here if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

In re:  **Kasper, Alvin, & Kisel, Barbara**                    Debtors      Case No.                    (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether of not a joint petition if filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | NAMES | AGE | RELATIONSHIP |
| | | | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Driver** | **Retired** |
| Name of Employer | **City of Chicago** | |
| How Long Employed | **17 yrs** | |
| Address of Employer | **Office of the City Comptroller** **33 N LaSalle St-Suite 700** **Chicago, IL 60602** | |

Income: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary and commissions...................... | 6,200.00 | |
| (pro rate if not paid monthly) | | |
| 2.  Estimate monthly overtime | | |
| 3.  SUBTOTAL | 6,200.00 | |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | 1,295.00 | |
| b. Insurance | 114.00 | |
| c. Union dues | 77.00 | |
| d. Other (Specify)          Pension | 475.00 | |
| Charity | 8.00 | |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | 1,969.00 | |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | 4,231.00 | |
| 7.  Regular income from operation of business or profession or farm | | |
| (attach detailed statement) | | |
| 8. Income from real property | | |
| 9. Interest and dividends | | |
| 10. Alimony, maintenance or support payments payable to the debtor for | | |
| the debtor's use or that of dependents listed above | | |
| 11. Social security or other government assistance (Specify) | | |
| 12. Pension or retirement income | | |
| 13. Other monthly income (Specify) | | |
| 14.  SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15.  TOTAL MONTHLY INCOME | 4,231.00 | |

16. TOTAL COMBINED MONTHLY INCOME          4,231.00     (Report also on Summary of Schedules)

Describe any increase or decrease in any of the above categories anticipated to occur within the year following the filing of this document:

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

____ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | J-Debtor's Mortgage | 791.00 |
| a. Are real estate taxes included? _X_ Yes ___ No | Debtor's Rent | 400.00 |
| b. Is property insurance included? _X_ Yes ___ No | | |
| 2. Utilities: a. Electricity and heating fuel | | 330.00 |
| b. Water and sewer | | 85.00 |
| c. Telephone | | 174.00 |
| d. Other_____ Cable | | 80.00 |
| 3. Home maintenance (repairs and upkeep) | | 250.00 |
| 4. Food | | 520.00 |
| 5. Clothing | | 130.00 |
| 6. Laundry and dry cleaning | | 45.00 |
| 7. Medical and dental expenses | | 150.00 |
| 8. Transportation (not including car payments) | | 350.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazine, etc | | 125.00 |
| 10. Charitable contributions | | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | |
| b. Life | | |
| c. Health | | |
| d. Auto | | 75.00 |
| e. Other_____ | | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | | |
| 13. Installment payments:(In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
| Auto | | |
| Other - | | |
| 14. Alimony, maintenance, and support paid to others | | |
| 15. Payments for support of additional dependents not living at your home | | |
| 16. Regular expenses from operation of business, profession, or farm | | |
| (attach detailed statement) | | |
| 17. Other_____ | | |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | 3,505.00 |

19. Describe any increase or decrease in expenditures reasonably antici[ated to occur within the year following the filing of this document:

### 20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| A. Total projected monthly income | 4,231.00 |
| B. Total projected monthly expenses | 3,505.00 |
| C. Excess income (A minus B) | 726.00 |

In re:  Kasper, Alvin & Kisel, Barbara                                    Debtor(s)    Case No.                    (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

#### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets,

(Total shown on summary page plus 1.)

and that they are true and correct to the best of my knowledge, information and belief.

Date: _____                Signature: /s/ Alvin Kasper _____

Debtor

Date _____                Signature:  /s/ Barbara Kisel _____

(Joint Debtor, if any)

#### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the_____(corporation or partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets,

(Total shown on summary page plus 1)

and that they are true and correct to the best of my knowledge, information and belief.

Date _____                Signature: _____

(Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. 152 and 3571.

In re: Kasper, Alvin K & Kisel, Barbara                                    Debtor(s)      Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. Each question must be answered. If the answer to any question is "None", or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number if known, and the number of the question.

DEFINITIONS

"In business" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankrupcty case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partnership a sole proprietor or self-employed.

"Insider" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporation of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. 101(30).

_____ None. 1. Income from Employment or Operation of Business
State the gross amount of income the debtor has received from employment, trade,or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendare year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, Unless the spouses are separated and a joint petition is not filed) Give AMOUNT and SOURCE (if more than one).

**Debtor:**
**2013, YTD, $18,570**
**2012, 71,003**
**2011, 30,353**

**J-Debtor**
**2011, $12,041**

_____ None. 2. Income Other Than From Employment or Operation of Business.
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give AMOUNT and SOURCE.

**Debtor,**
**2011, Disability**
**  $17,556**

**J-Debtor,**
**2011 Pension, $40,378.00**
**2011 interest, $100.00**

3. Payments to Creditors
_X__ None  a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. Indicate with an asterisk any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME and ADDRESS of CREDITOR, DATES OF PAYMENTS, AMOUNT PAID and AMOUNT STILL OWING.

__X_None  b. List each payment or other transfer to any creditor made within 90 days immediately preceeding the commencement of this case id the aggregate value of all property that constitutes or is affected by such transfer is not less than $5000.00 (Married debtors filing under chapter 12 or Chapter 13 must include payments and other transfers by by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

_X__ None  c. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME and ADDRESS of CREDITOR and RELATIONSHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT STILL OWING.

4. Suits, Executions, Garnishments and Attachments

___None a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING, COURT AND LOCATION and STATUS OR DISPOSITION.

Bank of America v. Debtors
2011 CH 32691 (Cook County)
Foreclosure-2nd Mortgage
Dismissed and loan forgiven
pursuant to settlement

JP Morgan Chase Bank v. Debtors
2012 CH 27069 (Cook County)
Foreclosure judgment

X__ None. b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) GIve NAME and ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF PROPERTY.

_X__ None 5. Repossessions, Foreclosures and Returns
List all property that has been repossessed by a creditor, sold at a fore-closure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must in-clude information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME and ADDRESS OF CREDITOR OR SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

6. Assignments and Receiverships
_X__ None. a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commence-ment of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME and ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT and TERMS OF ASSIGNMENT and SETTLEMENT.

_X__None. b. List all property which has been in the hands of a custo-dian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME and ADDRESS OF CUSTODIAN, NAME and LOCATION OF COURT, CASE TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF PROPERTY.

_X___None 7. Gifts
List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint peti-tion is not filed.) Give NAME and ADDRESS OF PERSON OR ORGANIZA-TION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT and DESCRIP-TION and VALUE OF GIFT.

____None 8. Losses
List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the com-mencement of this case. (Married debtors filing under chaper 12 or chap-ter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint peti-tion is not filed. Give DESCRIPTION and VALUE OF PROPERTY, DESCRIP-TION OF CIRCUMSTANCES and, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE. Give PARTICULARS and DATE OF LOSS.

Gambling losses:
Debtor, $6,169
Co-Debtor, $1,507.00

Staver & Gainsberg, P.C.
120 W. Madison St., Ste. 520
Chicago, IL 60602
$1200.00 (including court costs)

Credit Counseling- Access

____None 9. Payments Related to Debt Counseling or Bankruptcy
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a

petition in bankruptcy within one year immediately preceding
the commencement of this case.  Give Name and address of payee,
date of payment, name of puer if other than debtor, and amount
of money or description and value of property.

____None  10.  Other Transfers

a.  List all other proeprty, other rhan property transferred in the ordinary
course of the business or financial affairs of the debtor, transferred
either absolutely or as security within two years immediately preceding
the commencement of this case. (Married debtors filing under chapter
12 or chapter 13 must include transfers by either or both spouses whether
or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.) Give NAME and ADDRESS OF TRANSFEREE,
RELATIONSHIP TO DEBTOR, DATE and DESCRIBE PROPERTY TRANS-
FERRED AND VALUE RECEIVED.

**Joint-Debtor
transferred 1989 Ford Thunderbird
to Junk Yard
J-Debtor received $350.00
 Aug-12**

b.  List all property transferred by the debtor within ten years immediately
preceding the commencement of this case to a self-settled trust or
similar device of which the debotr is a beneficiary.  Give Name of trust
or other device, date(s) of transfer(s), and amount of money or description
and value of property or debtor's interest in property.

___None 11. Closed Financial Accounts

List all financial accounts and instruments held in the name of the
debtor or for the benefit of the debtor which were closed, sold, or
otherwise transferred within one year immediately preceding the
commencement of this case. Include checking, savings, or other
financial accounts, certificates of deposit, or other instruments;
shares and share accounts held in banks, credit unions, pension
funds, cooperatives, associations, brokerage houses and other
financial institutions. (Married debtors filed under chapter 12 or
chapter 13 must include information concerning accounts or instru-
ments held by or for either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint peti-
tion is not filed.) Give NAME and ADDRESS OF INSTITUTION, TYPE
AND NUMBER  OF ACCOUNT AND AMOUNT OF FINAL BALANCE and
AMOUNT AND DATE OF SALE OR CLOSING.

**Joint-Debtor
Chase-Checking

 Feb-13
Last balance,
negative balance**

_X___None 12. Safe Deposit Boxes

List each safe deposit or other box or depository in which the debtor
has or had securities, cash, or other valuables within one year immed-
iately preceding the commencement of this case. (Married debtors
filing under chapter 12 or chapter 13 must include boxes or deposi-
tories of either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME and ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES
AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY
DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURREN-
DER, IF ANY.

_X___None 13.  Setoffs

List all setoffs made by any creditor, including a bank, against a debt
or deposit of the debtor within 90 days preceding the commencement
of this case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning either or both spouses whether
or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.) Give NAME and ADDRESS OF CREDITOR
DATE OF SETOFF and AMOUNT OF SETOFF.

_X___None 14. Property Held for Another Person

List all property owned by another person that the debtor holds or
controls. Give NAME and ADDRESS OF OWNER, DESCRIPTION AND
VALUE OF PROPERTY and LOCATION OF PROPERTY.

____None  15. Prior Address of Debtor

If the debtor has moved within the three years immediately preceding
the commencement of this case, list all premises which the debtor
occupied during that period and vacated prior to the commence-
ment of this case. If a joint petition is filed, report also any separate
address of either spouse. Give ADDRESS, NAME USED and DATES
OF OCCUPANCY.

**6245 S Massasoit
Chicago, IL 60638**

__X__None 16.  Spouses and Former Spouses

If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho,

__X__None 17.  Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state of local statute or
regulation regulating pollution, contamination, releases of hazardous
or toxic substances, wastes or material into the air, land, soil, surface
water, groundwater, of other medium, including, but not limited to, statutes
or regulations regulating the cleanup of these substances, wastes, or
materials.

"Site" means any location, facility, or property as defined under any
Environmental Law, whether or not presently or formerly owned or
operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste,
hazardous substance, toxic substance, hazardous material,  pollutant, or
contaminant or similar term under an Environmental Law.

__X__None   a.  List the name and address of every site for which the debtor has
received notice in writing by a governmental unit that it may be liable
or potentially liable under or in violation of an Environmental Law.
Indicate the governmental unit, the date of the notice, and, if known, the
Environmental Law:

| SITE NAME AND ADDRESS | NAME & ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE NOTICE | ENVIRONMENT LAW |
|---|---|---|---|
| | | | |

__X__None   b.  List the name and address of every site for which the debtor provided
notice to a governmental unit of a release of Hazardous Material.  Indicate
the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME & ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE NOTICE | ENVIRONMENT LAW |
|---|---|---|---|
| | | | |

__X__None    c.  List all judicial or administrative proceedings, including settlements
or orders, under an Environmental Law with respect to which the debtor is or was a
party.  Indicate the name and address of the governmental unit that is or was a party
to the proceeding, and the docket number.

| NAME & ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| | | |

**Unsworn Declaration under Penalty of Perjury.**

I declare under penalty that I have read the answers contained in the foregoing statement of
  financial affairs and any attachments thereto and that they are true and correct.

Date _____      Signature of Debtor   **/s/  Alvin Kasper** _____

Date _____      Signature of Joint Debtor   /s/ Barbara Kisel _____
(if any)

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for
up to 5 years or both 18 U.S.C. 152 and 3571.

In re: Kasper. Alvin & Kisel, Barbara                    Debtor(s)    Case No.                    (if known)

### STATEMENT

Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1) The undersigned is the attorney for the debtor(s) in this case.

(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

| | |
|---|---|
| (a) for legal services rendered or to be rendered in contemplation of and in connection with this case | 3,500.00 |
| (b) prior to filing this statement, debtor(s) have paid | 919.00 |
| (c) the unpaid balance due and payable is | 2,581.00 |

(3) $ 281.00 of the filing fee in this case has been paid.

(4) The services rendered or to be rendered include the following:

(a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.

(b) preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

(c) representation of the debtor(s) at the meeting of creditors.

(5) The source of payments made by the debtor(s) to the undersigned was from earning, wages and compensation for services performed, and

(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

(7) The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

(8) The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:

Date:                    Respectfully submitted    /s/ Neal S. Gainsberg                    Attorney for

Petitioner

Attorney's name and address        Staver & Gainsberg, P.C., 120 W. Madison St., Ste. 520, Chicago, IL 60602

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation.  It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy.  In this connection, the advice of an attorney is often crucial.  Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys.  In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

### *BEFORE THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

#### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.  (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and com-pleteness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.


***ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES***

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

$3500 .

3

*[handwritten: 281.00 ct costs]*
*[handwritten: 919.00 returns]*
*[handwritten: 1200.00]*

Prior to signing this agreement the attorney has received $ ~~800~~ 919.00, leaving a balance
due of $ 281.00. In extraordinary circumstances, such as extended evidentiary hearings or
appeals, the attorney may apply to the court for additional compensation for these services. Any
such application must be accompanied by an itemization of the services rendered, showing the
date, the time expended, and the identity of the attorney performing the services. The debtor
must be served with a copy of the application and notified of the right to appear in court to
object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not
refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the
attorney to comply with the duties set out in this agreement. If a dismissal is due to such a
failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but
may not receive fees directly from the debtor after the filing of the case. Unless the following
provision is checked and completed, any retainer received by the attorney will be treated as a
security retainer, to be placed in the attorney's client trust account until approval of a fee
application by the court.

[X]        Any retainer received by the attorney will be treated as an advance payment, allowing the
attorney to take the retainer into income immediately. The reason for this treatment is the
following: *In order to prepare petition, schedules, court documents*
*and file the case ASAP. Attorney can immediately work*
*on case.*

*[handwritten right margin: A.R / A.R / BK / BK. / NG]*

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to
the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal
services provided or the amount of the fees charged by the attorney, the debtor may file an
objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with
the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct,
the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: 3/5/13

Signed:

X *Barbara A. Kisil*

X *[signature]*

X *[signature]*                              *Attorney for Debtor(s)*

Debtor(s)
Do not sign if the fee amounts at top of this page are blank.

4

Form No. 23c

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re      Alvin Kasper                    Case No._____

Debtor                                (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.  If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D.  If a joint petition is filed, each spouse must complete and file a separate Exhibit D.  Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.  *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]*

❏ Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❏ Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  _____ /s/ Alvin Kasper _____

Date: _____

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

### <u>Northern</u> District of <u>Illinois</u>

In re  <u>Barbara Kisel</u>                          Case No._____
                    Debtor                                              (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  _____/s/ Barbara Kisel_____

Date: _____